IN THE MATTER OF THE GUARDIANSHIP OF MABEL, HELEN, ELSIE AND EDITH ROBERTS, MINORS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED APRIL 2, 1907.                    DECIDED APRIL 10, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

GUARDIAN AND WARD.

A guardian of the property of a minor is entitled to notice and a reasonable opportunity of being heard on the question of his removal. R. L., Sec. 2321.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by James E. Fullerton from an order of a circuit judge of his own motion removing him as guardian of the property of Mabel, Helen, Elsie and Edith Roberts, minors, surcharging him with the sum of $2851.30, and appointing R. H. Trent in his place.

The matter arose in connection with the guardian's third annual account, which was referred to a master on January 22, 1907. On January 31, 1907, the master filed his report on the account, which showed that the guardian had invested all the funds of these minors in a real estate mortgage the security of which was worthless, and recommended the approval of the account with the "exceptions noted," meaning presumably that the guardian be surcharged with the amount so invested.

On January 31, 1907, the matter was continued to February 5, 1907, on motion of the guardian, who was personally present before the judge, on which day the circuit judge orally made the order in question, the same being reduced to writing and filed on February 14, 1907.

Section 2321 of the Revised Laws provides that when any guardian "shall become insane or otherwise incapable of discharging his trust or evidently unsuitable therefor" a circuit judge "after notice to such guardian and to all others interested may remove him."

The guardian contends that he had no notice and no opportunity to be heard on the question of his removal. The matter of removing guardians is in this Territory, as in other jurisdictions, controlled by statute. The record in this case as it stands clearly shows the necessity of removing this guardian and that he is "evidently unsuitable." But, nevertheless, the statute must be followed. However improbable it may be that the guardian has a defense to offer, yet he must be accorded a reasonable opportunity so to do. That the guardian was in court when the order of removal was made is not a compliance with the statute that he shall have notice and a reasonable opportunity to be heard on the question. The matter before the judge was action on the report of the master and not the question of the removal of the guardian. The statute does not require any formal or technical pleading, or even that the notice be in writing, but it does require notice to the guardian, if within the Territory, even though short, and a reasonable opportunity to be heard by him, if he so desires. We are forced to the conclusion, therefore, that the guardian did not have the notice and opportunity to be heard which is required by the statute.

The order appealed from is affirmed, except in so far as it removes the guardian and appoints another in his place, as to which it is reversed, and the cause is remanded to the circuit judge for such further proceedings not inconsistent with this opinion as may be necessary.

*H. G. Middleditch* for the guardian.

*E. C. Peters* contra.